IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| A.G. NICHOLS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:06-CV-02366-L** |
| | § | |
| YJ USA CORP. and YEONG JEOU INDUSTRIAL (M) SDN BHD, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant YJ USA Corp.'s Motion to Reconsider November 12, 2008 Order, filed November 24, 2008; Defendant YJ USA Corp.'s Motion for Judicial Determination of New Discovery Issues Arising from November 12, 2008 Ruling on Existence of Attorney/Client Relationship, filed November 24, 2008; and YJ USA Corp.'s Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B), filed November 24, 2008. After careful consideration of the motions, responses, replies, briefs, record, and applicable law, the court **grants** YJ USA Corp.'s Motion to Reconsider November 12, 2008 Order; **denies as moot** Defendant YJ USA Corp.'s Motion for Judicial Determination of New Discovery Issues Arising from November 12, 2008 Ruling on Existence of Attorney/Client Relationship; and **denies as moot** Defendant YJ USA Corp.'s Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B).

**I.   Factual and Procedural Background**

Plaintiff A.G. Nichols ("Nichols") claims privilege with respect to communications exchanged in connection with Defendant YJ USA Corp.'s ("YJ USA") purchase of assets from a third party (the "Asset Purchase Transaction"). On December 6, 2007, YJ USA filed Defendant YJ

USA Corp.'s Motion to Compel Documents and Testimony Withheld by Plaintiff Under Claim of Privilege. YJ USA sought an order requiring Nichols and attorney Robert Crawford (who worked for the Winstead law firm at the time of the Asset Purchase Transaction) to answer questions about communications between them and to produce written communications between them. Nichols contends that an attorney-client relationship existed between him and the Winstead law firm ("Winstead"). YJ USA contends that Nichols, as its agent, retained Winstead on its behalf. The court referred the motion to United States Magistrate Judge Wm. F. Sanderson, Jr., and on February 27, 2008, he granted the motion. Nichols objected, and on November 12, 2008, the court determined that the magistrate judge's determination was clearly erroneous because, based on the magistrate judge's failure to consider Nichols's role as a lender for the Asset Purchase Transaction, the court was left with the definite and firm conviction that a mistake had been committed. Therefore, the court sustained Plaintiffs' First Amended Objections to Magistrate's February 27, 2008 Order; vacated the magistrate judge's February 27, 2008 order; and held that Nichols was not required to produce correspondence or communications between him and Winstead from March 9, 2005, through May 31, 2005, or answer deposition questions regarding such correspondence or communications.

On November 24, 2008, YJ USA filed a motion to reconsider the court's November 12, 2008 order, a motion for judicial determination of discovery issues arising from the order; and a motion for certification for interlocutory appeal on the order. In its motion for reconsideration, YJ USA argues that the court's ruling (that the magistrate judge's determination that no attorney-client relationship existed between Nichols and Winstead is clearly erroneous) was based on Nichols's unsupported contention that "Winstead acted in the limited role of lender's counsel." Mot. to

**Memorandum Opinion and Order – Page 2**

Reconsider 1. YJ USA also argues that because it reimbursed Nichols for Winstead's services, Winstead was not acting as lender's counsel in the Asset Purchase Transaction. YJ USA further argues that the court applied an incorrect legal standard and substituted its judgment for that of the magistrate judge.

The lingering question for the court is why would YJ USA reimburse Nichols for attorney's fees if those fees were not incurred on its behalf? Upon reflection, the court should have recommitted this matter to the magistrate judge for further consideration of Nichols's role as lender and for further development of the record regarding the facts surrounding YJ USA's reimbursement of Nichols's legal fees. After reviewing the parties' arguments for and against reconsideration, the court **determines** that Defendant YJ USA Corp.'s Motion to Reconsider November 12, 2008 Order should be, and is hereby, **granted**. Therefore, the court **vacates** its memorandum opinion and order dated November 12, 2008, and **recommits** this matter to the magistrate judge for hearing, if necessary, and for determination after further consideration of Nichols's role as lender and after the record is further developed regarding the facts surrounding YJ USA's reimbursement of Nichols's legal fees. Given the age of this case, the court requests that the magistrate judge, consistent with his schedule, expedite consideration of this matter.

In light of the court's ruling on the motion for reconsideration, the remaining motions are now moot. Therefore, the court **denies as moot** Defendant YJ USA Corp.'s Motion for Judicial Determination of New Discovery Issues Arising from November 12, 2008 Ruling on Existence of Attorney/Client Relationship and **denies as moot** Defendant YJ USA Corp.'s Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B).

The court apologizes for its delay in ruling on these motions. The court has been overwhelmed with a number of complex motions and complex trials over the last six months.

**It is so ordered** this 4th day of September, 2009.

Sam A. Lindsay
United States District Judge